EDWARD SCHNEIDER, APPELLANT, v. OWEN DAILY ET AL., APPELLEES.

27 N. W. 2d 550

Filed May 23, 1947.    No. 32167.

*J. E. Willits,* for appellant.

*William H. Meier* and *Charles A. Chappell,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action against a county sheriff and his bondsmen for damages resulting from the sheriff's failure to return attached property to the plaintiff after the dissolution of the order of attachment. At the close of all the evidence the trial court sustained defendants' motion for a directed verdict, and plaintiff appeals.

On July 31, 1939, J. W. Bodle commenced an action against Ed Schneider in the county court of Kearney County to recover $102 and interest alleged to be due for work and labor performed by Bodle for Schneider. On the same date Bodle caused an order of attachment to be issued out of said county court, the affidavit for the attachment stating that Schneider "is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors and has property and rights in action which he conceals." Pursuant to the order of attachment directed to him, the sheriff attached a threshing-machine engine and separator, a Chevrolet truck, a Buick sedan, and a tank, all of which the appraisers valued at $245. On August 12, 1939, Schneider filed his motion to dissolve the attachment. The motion was overruled and the attachment sustained by the county court on August 18, 1939. The case proceeded to trial before a jury. A verdict for Bodle was returned in the amount of $102 with interest and costs. Judgment was entered on the verdict and Schneider appealed to the district court. On October 21, 1941, Schneider filed his motion in the district court to dissolve the attachment. On January 16, 1942, the district court sustained the motion to dissolve the attachment, and the sheriff was directed to release, return, and restore the attached property to

Schneider. On November 13, 1942, a certified copy of the findings and judgment dissolving the attachment were served upon the sheriff. It is the contention of Schneider, the plaintiff in the case at bar, that the sheriff has never released the property from the attachment, or returned it to him.

The evidence shows that the threshing-machine engine and separator were attached and left on the farm of Henry Sinsel, where it was found. The sheriff testifies that he authorized Schneider to use the threshing outfit within Kearney County. This is denied by Schneider. The Chevrolet truck and the tank were left on the Schneider farm. The Buick sedan was stored in a garage at Minden at the request of Schneider, according to the sheriff's evidence. This is also denied by Schneider.

On January 16, 1942, the date the attachment was dissolved, the sheriff caused Schneider to be informed that the attachment was released. On November 13, 1942, as hereinbefore stated, Schneider caused a certified copy of the judgment dissolving the attachment to be served upon the sheriff.

In the case before us, Schneider, the plaintiff, offered evidence to the effect that he had been in the threshing business for eight or ten years prior to the levy of the attachment. He testifies to the general crop returns in 1939 to 1945, inclusive, and to the amounts of the various kinds of grains that he could thresh each day. He testifies, also, that he was obtaining $15 per week from the sale of cream, and that he was compelled to sell his cows when the automobile was attached. He claims that because of the unlawful attachment and the failure of the defendant sheriff to release the attached property to him after the attachment was dissolved, he has been damaged $1,000 per year for six years, a total of $6,000.

It is evident that the property in question was held under an order of attachment from July 31, 1939, to

January 16, 1942. While liability might accrue upon the bond given to secure the issuance of the order of attachment in the event of its wrongful issuance, no liability accrued to the sheriff and his bondsmen during this period.

As to the liability of the sheriff and his bondsmen for failure to release the property upon the dissolution of the order of attachment, a much different question is posed. In the first place, we think the Chevrolet truck and the tank were clearly released from the attachment upon the entry of the court's order, they being on the Schneider farm in the physical possession of Schneider. We think, also, that the threshing rig was released when the sheriff's deputy so advised Schneider. It was left where it was attached on the farm of a neighbor close by. The only damage that could be logically claimed, assuming that the release was not sufficient, would be the cost of getting it home. The plaintiff will not be permitted to stand by on such a technical excuse and bring action for a large amount of damages when they could have been avoided by the simple expedient of taking his machine at the place where it was attached. He will be required to mitigate his damage the same as any other litigant. There is no evidence in the record upon which a judgment could be properly entered against the sheriff and his bondsmen for failure to release the threshing rig. Assuming that defendants were liable for failure to release the property upon the dissolution of the attachment, the evidence of probable profits is so indefinite and speculative that no reasonable basis for fixing the damage exists. If plaintiff's claim is based upon the destruction of his business, that resulted primarily upon the levy of the attachment and not because of the failure of the sheriff to release the property. The same may be said as to the Buick sedan. If the production and sale of cream was lost to plaintiff because of the levy of the attachment, it constitutes no element of damage against these defendants in the present case.

There is no competent evidence of the value of the use of the sedan during the time the defendant is alleged to have unlawfully retained it. We find no evidence in the record sufficient to sustain a judgment. Harper v. Young, 139 Neb. 624, 298 N. W. 342; Silurian Mineral Springs Co. v. Kuhn, 65 Neb. 646, 91 N. W. 508. The trial court was required under these circumstances to direct a verdict for the defendants.

AFFIRMED.

CHAPPELL, J., not participating.